2006-NMCA-030

130 P.3d 204

**Allen SPARKS, Dennis Cleaver, Ellis Jones, Jay Paul, Rex Pope, and Tim Archuleta, Plaintiffs–Appellees,**

v.

**Gary GRAVES, Defendant–Appellant,**

and

**In the Matter of De Baca County Sheriff Gary Graves.**

**No. 26,181.**

Court of Appeals of New Mexico.

Jan. 25, 2006.

144

Doerr & Knudson, P.A., Stephen Doerr, Portales, NM, for Appellees.

Heard, Robins, Cloud & Lubel, L.L.P., Bill Robins III, Amy Propps, Santa Fe, NM, for Appellant.

## OPINION

SUTIN, Judge.

{1} De Baca County Sheriff Gary Graves appealed to this Court from an adverse probable cause determination made by the district court under Article X, Section 9 of the New Mexico Constitution governing elections to recall elected county officials. *See* N.M. Const. art. X, § 9(B) (providing for district court adjudication to establish probable cause that grounds exist for a recall election). Under Article X, Section 9(B), a probable cause determination was required upon presentation to the district court of a petition of De Baca County voters containing "factual allegations supporting the grounds of malfeasance or misfeasance in office." *Id.*

### BACKGROUND

{2} Petitioners filed a petition pursuant to N.M. Const. art. X, § 9, to recall Sheriff Graves. The petition listed several grounds on which Petitioners alleged that Sheriff Graves had committed malfeasance or misfeasance in office. After a two-day hearing, the district court announced from the bench that it found probable cause to believe Sheriff Graves had committed acts of malfeasance or misfeasance while in office. The district court entered an order on September 6, 2005, memorializing its oral ruling.

{3} The next day, Sheriff Graves filed a motion to alter the court's order or, alternatively, to grant a new trial. The court denied the motion by letter decision filed on September 30, 2005. In the meantime, on about September 14, 2005, the De Baca County Clerk scheduled a recall election to take place on November 9, 2005. *See* N.M. Const. art. X, § 9(C) (requiring the county clerk to place the recall question on the ballot for a special election once signatures on the circulated petition are verified).

{4} On October 6, 2005, Sheriff Graves filed a notice of appeal to this Court from the district court's probable cause order. He simultaneously filed in the district court an application for a stay pending appeal, pursuant to Rule 1–062(D) NMRA. The district court heard argument on the stay application on October 26, 2005, and denied the application from the bench. An order denying the stay application was entered November 15, 2005.

{5} On November 3, 2005, Sheriff Graves filed an emergency motion in this Court for a stay of the district court's September 6, 2005, order in order to forestall the special election pending the appeal. He asserted that the district court's failure, to that date, to enter an order denying the stay application was an attempt on the part of the court to allow the recall election to go forward on November 9, before any appellate review of the probable cause order could take place—thus violating Sheriff Graves' absolute right to an appeal. Following Petitioners' response to Sheriff Graves' emergency motion, this Court entered a stay order on November 7, 2005.

{6} De Baca County nevertheless held the recall election on November 9, 2005. On the same day, Sheriff Graves filed a motion for a temporary restraining order and preliminary injunction in this Court to stop the election or, alternatively, to enforce this Court's stay order. Sheriff Graves also filed in this Court a motion for a contempt order against the County Clerk. Neither the County nor the County Clerk was a party to the proceeding

in the district court. Likewise, neither the County nor the County Clerk was, or is, a party to this appeal. We denied relief and entered an amended stay order, nunc pro tunc to clarify our previous order. We also held a telephone hearing with legal counsel for Sheriff Graves, legal counsel for Petitioners, and legal counsel for the County in order to discuss expediting oral argument on appeal. We set an expedited oral argument in this appeal for November 22, 2005. In the telephone hearing, the County, though not a party, was invited to attend oral argument. Further, we confirmed with Petitioners' counsel that Petitioners had not waived their position that this Court lacked jurisdiction to entertain the appeal and that they could argue lack of jurisdiction at the oral argument. The recall election was completed on November 9, 2005, resulting in a vote to recall Sheriff Graves.

{7} On November 10, 2005, Petitioners filed a motion in this Court to dismiss this appeal sua sponte and to cancel the oral argument scheduled for November 22, 2005. Petitioners essentially asserted that no constitutional, statutory, or Supreme Court rule grants jurisdiction in this Court to address the district court's probable cause determination. Petitioners also asserted that the issues Sheriff Graves raised on appeal were moot as a result of the recall election result. On November 18, 2005, Petitioners filed an alternative motion to dismiss, contending that the appeal should be dismissed based on Sheriff Graves' failure to post the supersedeas bond, as required by our stay order filed November 7, 2005, and by our amended stay order filed November 9, 2005.

{8} After our review of the jurisdiction and other issues presented in the appeal, we certified this appeal to the Supreme Court pursuant to NMSA 1978, § 34-5-14(C) (1972). The Supreme Court declined certification. For the reasons that follow, we exercise jurisdiction and dismiss the appeal.

## JURISDICTION

{9} The recall provisions for elected county officials set out in Article X, Section 9 of the New Mexico Constitution provide no guidance with regard to the appeal process. Article VI, Section 2 of the New Mexico Constitution, however, specifically provides that an aggrieved party shall have an absolute right to one appeal.

{10} Article VI, Section 29 of the New Mexico Constitution relates to the jurisdiction of the Court of Appeals and provides that this Court shall exercise jurisdiction as provided by law. This is a civil action, and by statute, the Court of Appeals has jurisdiction in any civil action not specifically reserved to the jurisdiction of the Supreme Court by constitution or law. NMSA 1978, § 34-5-8(A) (1983). There is some circular analysis, in that Section 34-5-14(A) grants jurisdiction in the Supreme Court when it "is not specifically vested by law" in the Court of Appeals.

{11} Supreme Court Rule 12-102(A) NMRA lists the categories of appeals that "shall be taken to the Supreme Court." None of the appeals listed specifically covers a recall election or a probable cause determination of the district court in a recall election. Consistent with Section 34-5-8(A), Rule 12-102(A)(4) requires appeals to be taken to the Supreme Court when jurisdiction has been specifically reserved to the Supreme Court by the New Mexico Constitution or by Supreme Court order or rule. As to the Court of Appeals, Rule 12-102(B) states that all other appeals shall be taken to the Court of Appeals.

{12} We recognize that the recall provisions for elected officials set out in Article X, Section 9 do not furnish guidance with regard to the appeal process. However, no constitutional or statutory provisions require that issues relating to Article X, Section 9 recall elections be appealed to the Supreme Court. In regard to the recall of local school board members, Article XII, Section 14 of the New Mexico Constitution states that "[p]rocedures for filing petitions and for determining validity of signatures shall be as provided by law." Legislative instruction is found in the Local School Board Member Recall Act (the Recall Act), NMSA 1978, §§ 22-7-1 to -16 (1977, as amended through 1993). Section 22-7-12(A) of the Recall Act governs a board member's right to appeal the determination of a district court and limits the appeal to only the Supreme Court.

But nothing in N.M. Const. art. XII, § 14 or the Recall Act applies to recall elections under Article X, Section 9.

{13} Chapter 1 of the New Mexico Statutes is the New Mexico Election Code. NMSA 1978, §§ 1–1–1 to –24–4 (1969, as amended through 2005). Section 1–1–19 sets out the types of elections covered by the Code. County official recall elections are not listed. However, Sections 1–24–1 to –4, governing special elections, might arguably be construed to apply to county official recall elections. If these special election provisions were construed to apply to county official recall elections, then perhaps the appeal provision relating to contested elections in Section 1–14–5, which vests appellate jurisdiction in the Supreme Court, might apply to the contest of a county official recall election. In the present case, Sheriff Graves' appeal was filed before the election occurred and was not, when filed, a contest of an election. It does not appear that the Election Code expressly covers the appeal in this case.

{14} Based on the foregoing discussion of jurisdiction, we conclude that this Court has jurisdiction to entertain this appeal. We view the Supreme Court's declination of our certification of this case to constitute an affirmation of our jurisdiction of this appeal.

## WE DISMISS THE APPEAL

{15} Avenues were open, beginning in early September 2005 following the district court's probable cause determination and certainly by September 14, 2005 following the setting by the County of the recall election for November 9, 2005, for Sheriff Graves to join the County and/or the County Clerk (together, the County) as a party in the pending or a separate action and to pursue effective relief seeking to enjoin the election pending review of the district court's probable cause decision. *See* N.M. Const. art. VI, § 3 (providing that the Supreme Court has power to issue writs of injunction necessary for the exercise of its jurisdiction); Rule 12–504 NMRA (governing procedure for issuance of writs in the exercise of the Supreme Court's original jurisdiction, including stays); *see also* N.M. Const. art. VI, § 13 (providing that district courts have power to issue writs of injunction); Rule 1–066 NMRA (governing

procedure for issuance by district courts of temporary restraining orders and preliminary injunctions). Instead, valuable time lapsed while Sheriff Graves failed to timely and effectively pursue relief to enjoin the election. As a consequence, the election was held, with a completed electoral result.

{16} A constitutionally prescribed political election process was set in progress, with mandatory action required on the part of the County officials to hold an election following a threshold court determination of probable cause and a properly circulated recall petition triggering the mandated election. Article X, Section 9 involves the judiciary in the political election process. Although nothing in the Constitution or laws suggests that a probable cause determination of the district court under Article X, Section 9 is completely off limits in regard to appellate review from a jurisdiction standpoint, we nevertheless view the district court's probable cause determination as part and parcel of the political election process and appellate courts must be cautious about interfering with that process. In some instances, it might be appropriate to postpone or enjoin an election pending review of an Article X, Section 9 probable cause determination. However, the target of the recall must act effectively and expeditiously to seek relief before the special election is held. In order to seek to vindicate his political rights before the election took place, Sheriff Graves, the target of the recall, should have taken whatever steps were available to join or otherwise sue the County and to attempt to obtain injunctive relief to enjoin the election pending review of whether the election could lawfully be held. He failed to take those steps. Under these circumstances, we will not enter the political fray. Absent effective and expeditious action, it is not the duty of this Court to protect the target's political rights by addressing the district court's probable cause determination on appeal after the election has occurred.

{17} Under the circumstances, we do not feel compelled to address issues raised by Sheriff Graves for the ultimate purpose of overturning a mandated and completed recall election. We therefore decline to address the issue Sheriff Graves raised in this appeal,

namely, whether the district court erred in its probable cause determination. The election having been held, we consider the issues moot.

## CONCLUSION

{18} We dismiss Sheriff Graves' appeal.

{19} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge, and CELIA FOY CASTILLO, Judge.